# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN NASH,<br><br>    Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 15-02547-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

  Plaintiff Susan Nash ("Plaintiff") challenges the Commissioner's denial of her application for disability insurance benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") improperly considered vocational evidence because the evidence conflicted with the *Dictionary of Occupational Titles* ("DOT") and the conflict was not identified by the vocational expert ("VE") and thus not resolved.

  It is well settled that an ALJ must "elicit a reasonable explanation" for any conflict between "[o]ccupational evidence provided by a VE and the occupational information supplied by the DOT" "before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." Social

Security Ruling ("SSR") 00-4p, *available at* 2000 WL 1898704, at *2 (Dec. 4, 2000); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). Further, the ALJ "must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than on the DOT information." SSR 00-4p, at *4. "The adjudicator will explain in the determination or decision how he or she resolved the conflict." *Id*.

At the administrative hearing on Plaintiff's application, held on March 3, 2014, the VE testified that Plaintiff could perform certain jobs at the "light, unskilled work" level with "sit/stand options at 30-minute increments," specifically, the jobs of production solder, information clerk, or ticket seller. (AR 68-69.) The VE stated that her testimony was consistent with information found in the DOT. (AR 70.)

Plaintiff contends that there is a conflict between the VE's testimony and the DOT, because the proposed jobs identified by the VE are silent as to whether they can be performed with the additional restriction of a "sit/stand option at 30-minute increments," a restriction that the ALJ incorporated into Plaintiff's residual functional capacity (RFC) (AR 26). Jt. Stip. at 7-10. Plaintiff further contends that, because the VE failed to offer any explanation why the jobs she identified could accommodate a sit/stand option, the ALJ improperly relied on this vocational evidence and committed legal error. *Id*.

The Commissioner disagrees. First, the Commissioner states that Plaintiff waived this argument when her counsel at the administrative hearing failed to raise the issue. Jt. Stip. at 14. To the extent the Commissioner contends that Plaintiff waived her claim by failing to raise the alleged error at the administrative level, the contention lacks merit. *See Harrison v. Colvin,* EDCV 15-1362-E, 2016 WL 1258447, at *4 (C.D. Cal. Mar. 30, 2016) (holding no waiver of plaintiff's step four argument where plaintiff did not object to such errors at the hearing); *see also Alba*

*v. Berryhill*, EDCV 15-2524-SP, 2017 WL 1290484 (C.D. Cal. April 4, 2017) (finding no waiver of step five claim because counsel failed to question the VE about potential conflict with DOT at administrative hearing). Thus, the Court finds Plaintiff's claim is not waived.

Second, the Commissioner disagrees with Plaintiff's premise that a conflict inherently exists where the DOT is silent about whether a sit/stand restriction is compatible with a particular job description. Jt. Stip. at 11-14. In support of its argument, the Commissioner relies on two cases: *Ruiz v. Colvin*, 638 F. App'x 604, 607 (9th Cir. 2016), and *Buckner-Larkin v. Astrue*, 450 F. App'x 626 (9th Cir. 2011). The Court disagrees with the Commissioner and concludes that *Ruiz* and *Buckner-Larkin* compel remand in this matter.

In *Ruiz*, the claimant alleged that the ALJ erred in relying, in part, on the testimony of the vocational expert. 638 F. App'x at 606-07. In being asked about the sit/stand option and the claimant's use of a walker, the vocational expert testified that his opinion was consistent with the DOT, that the claimant could perform the jobs identified by the expert even with the walker, and critically for purposes of the instant matter, stated that his "opinion related to [claimant's] use of the walker at the proposed jobs was based on his experience placing people in those jobs as a vocational rehabilitation counselor." *Id*. at 607. The Ninth Circuit found the ALJ's decision was supported by substantial evidence and not based on legal error. *Id*.

In *Buckner-Larkin*, the claimant alleged that the ALJ committed error in relying on the vocational expert's testimony which conflicted with the DOT. 450 F. App'x at 628. The vocational expert in that case found that the jobs recommended by the expert would allow for an at-will sit-stand option. *Id*. In particular, the expert testified that "*although the DOT did not discuss a sit-stand option*, his determination was based on his own labor market surveys, experience, and research." *Id*. (emphasis added). On this record, the Ninth Circuit determined

3

that the "conflict between the DOT and the vocational expert was addressed and explained by the vocational expert, and the ALJ addressed this in the decision." *Id*. at 628-29.

The cases cited by the Commissioner differ in one important factual matter from Plaintiff's case: in both *Ruiz* and *Buckner-Larkin*, the vocational expert provided an explanation addressing the conflict between the DOT and the proposed jobs identified by the experts. While it is true that the expert in *Ruiz* said there was no conflict, any error associated with that statement was harmless because the *Ruiz* expert provided a reasonable explanation to support his conclusions and thus satisfied the requirements of SSR 00-4p and *Massachi*. Further, the Court finds that *Buckner-Larkin* supports Plaintiff's argument. The expert in *Buckner-Larkin* noted the conflict with the DOT ("although the DOT did not discuss a sit-stand option") and then provided an explanation for his opinion, thereby satisfying the requirements of SSR 00-4p. By contrast here, the VE did not acknowledge the conflict and thus offered no explanation. This was error.

On the instant record, the Court is unable to conclude if the ALJ's error was inconsequential to the determination that Plaintiff is not disabled. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination"). Accordingly, the circumstances of the case warrant remand for further administrative proceedings to resolve the conflict between the VE's testimony and the DOT.

Accordingly, IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

DATED: April 28, 2017

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

4

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**